[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: PLAINTIFF'S NOTION FOR MODIFICATION(#145-6)
The parties' marriage was dissolved after a trial by judgment entered May 24, 1996. At that time the plaintiff was employed as a senior research analyst by a Greenwich financial firm. At that time and to the present time the defendant is an attorney employed by Cravath, Swain and Moore in New York City where he also lives in Manhattan.
The plaintiff had an operation for breast cancer in February, CT Page 3016 1996. After the dissolution the plaintiff was reduced to part-time work and then eventually forced to resign. During this time from the dissolution to resignation she has had three additional surgical procedures related to her medical condition. She has been unemployed since December 2, 1996. She has been and is diligently seeking employment, whether full-time, part-time, consulting or temporary without success. She has sought work by applying to employment agencies and head hunters. Although interviewed on several occasions, no concrete offer has been made to her.
The defendant's net disposable income places it beyond the maximum child support guideline of $1,750 weekly. The judgment entered an unallocated alimony and child support order of $1,000 weekly for the plaintiff and their three minor children.
The debts of the parties are enormous, but the defendant has undertaken settlement or payment of several. The plaintiff has submitted a compromise proposal to IRS. The defendant intends to do likewise. Several creditors are not pressing for payment. Under all the circumstances of their joint and sole debts the court understands that any increase in alimony will decrease the creditors' payments.
However, the plaintiff's loss of employment is found to be a substantial change in circumstances, and her motion is found to have merit. It is granted.
The defendant shall pay $1,500 weekly unallocated alimony and child support. First payment shall be made on March 14, 1997. No retroactivity is ordered.
HARRIGAN, J.